**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case Number 06-cr-00217-PSF

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**MICHAEL ROMERO,**

Defendant.

---

**DISCOVERY MOTION**

---

The Defendant, Michael Romero, by and through his attorney, Harvey A. Steinberg, of the law firm of Springer and Steinberg, P.C., pursuant to F. R. Crim. P. Rules 12(b) and 16, the Fifth Amendment Due Process Clause and his Sixth Amendment rights to a fair trial and the effective assistance of counsel, respectfully request this Honorable Court to direct the United States to furnish to the Defendant, or produce for inspection, copying, photographing or reproducing, each of the following material which are within the possession, custody or control of the government or its agents, the existence of which is know, or by the exercise of due diligence could become known to the attorney for the government from investigative agents, witnesses or persons having knowledge of this case:

1. Any written record containing the substance of any relevant oral statements made by the Defendant, whether said statements were made before or after arrest in response to interrogation by any person know to the government agent.  F. R. Crim. P. Rule 16(a)(1)(A).

2.      The substance of any other relevant oral statements made by the Defendant, whether before or after arrest, in response to interrogation by any person then known by the Defendant to be a government agent, if the government intends to use said statements at trial.  F. R. Crim. P. Rule 16(a)(1)(A).

3.      Any statement by the defendant to any person, which has been reported to the government, whether or not said statement was made to person known by the Defendant to be a government agent, if said statement is to be used by the government during its case-in-chief.

4.      A copy of the Defendant's prior criminal record, if any, which is in the possession, custody or control of the government, or by the exercise of due diligence, may become know to the attorney for the government,  F. R. Crim. P. Rule 16(a)(1)(B).

5.      Any books, papers, documents, photographs or videotapes, tangible objects, buildings or places which are within the possession, custody or control of the government, and which are material to the preparation of the defense, are intended for use by the government as evidence-in-chief at the trial, or were obtained from or belonged to the Defendant.  F.R. Crim. P. Rule 16(a)(1)(C).  Included within, but not limited by , this request is any documentary or recorded evidence in any form which indicates that Defendant has been overheard during any intercepted communication, has been referred to by any person whose communication has been intercepted or recorded, or has been observed during any surveillance activities by government agents or representatives, or any person cooperating with the government in this investigation. The Defendant specifically requests any notes or documentary evidence which relate, in any way, to any activity by the Defendant which the government contends is evidence of the Defendant's involvement in any criminal activity.

6.      Any results or reports of physical or mental examinations, and of scientific tests or experiments, or of copies thereof, which are in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become know, to the attorney for the government, and which are material to the preparation of the defense of are intended for use by the government as evidence-in-chief at the trial.  F. R. Crim. P. Rule 16(a)(1)(E).  Also included within, but not limited by this request are any fingerprint, voice or handwriting comparisons, or forensic tests or results of laboratory tests conducted on any items seized from the defendant or vehicles prior to, at the time of, or subsequent to his arrest.

7.      A list of witnesses the government intends to call during its case-in-chief.

8.      Any written or recorded statements, including grand jury transcripts, or rough notes incorporating any utterances, of any witness the government intends to call during its case-in-chief at trial.

9.      The criminal record of any witness to be called by the government or of any individual who has cooperated or provided information leading to the filing of charges in this case.

10.     Evidence of any threats or promises, charge or sentence concessions, declinations of prosecution, financial inducements or incentives, or any other favorable consideration extended to any cooperating individual, or any witness to be called by the government.  Included within, but not limited by, this request is evidence of any sums of money paid to the informant or any cooperating individual at any time during the course of this investigation, or any activity by the informant or cooperating individual that could have led to the filing of any criminal charges during the time the informant or individual was cooperating with the government in this matter, whether said activity precede or followed the commencement of his cooperation.

11. Any and all evidence which may be favorable to the accused, or in mitigation of punishment, or relevant to the cross-examination of witnesses under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

12. The name and address of any informant or individual who cooperated with the government in this case, who has expressed a willingness to be a witness in this matter, and who participated in any acts which lead to the contact with and arrest of the Defendant.

13. The reports of any law enforcement officer or agents concerning the stop of, contact with and arrest of the Defendant.

**Argument**

**a) Statements of the Defendant**

F. R. Crim. P. Rule 16(a)(1)(A) obliges the government to disclose, upon the Defendant's request, any relevant written or recorded statements made by the Defendant which are within the possession, custody or control of the government, or by the exercise of due diligence may become known to the attorney for the government. It also mandates disclosure of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest in response to interrogation by any person then known by the Defendant to be a government agent. Disclosure of all such statements is essential to prepare an adequate defense in the form of a motion to suppress physical or testimonial evidence, for the evaluation of evidentiary objections, to determine the necessity of separate trials, and to effectively prepare for trial in the above-entitled case.

Discoverable statements also include, in addition to those specified above, all written recorded statements made by the Defendant to any person, at any time, regardless of the circumstances in which he made the statements, or whether the statements are to be introduced in the government's case-in-chief. See United States v. Scafe, 822 F.2d 928, 935-36 (10th Cir. 1987); Unites States v. Bailleuax, 685 F.2d 1105, 1114-15 (9th Cir. 1992); Unites States v. Caldwell, 543 F.2d 1333 (DC Cir. 1974), cert. denied, 423 U.S. 1087 (1975); United States v. Hodges, 480 F.2d 229 (10th Cir. 1973); United States v. U.S. District Court, 444 F.2d 651 (6th Cir. 1971) cert. denied, 407 U.S. 297 (1972); Nolan v. United States, 423 F.2d 1031 (10th Cir. 1970); cert. denied, 400 U.S. 848 (1978). If statements of the Defendant are relevant written or recorded statements, they shall be produce. United States v. Scafe, supra at 935.

The government is also obliged to disclose the Defendant's oral statements, whether in verbatim or in summary form. These statements need not have been recorded. United States v. McClure, 734 F.2d 484, 492-93 (10th Cir. 1984); United States v. Mitchell, 613 F.2d 779 (10th Cir. 1980), cert. denied, 445 U.S. 919 (1980). See also United States v. Taylor, 536 F.2d 1343 (10th Cir. 1976), cert. denied, 429 U.S. 962 (1976); United States v. Heath, 580 F.2d 1011 (10th Cir. 1978), cert. denied, sub. nom., Babb v. United States, 439 U.S. 1075 (1979).

Disclosure must be made, not only of statements made directly to government agents, but also statements made to third parties who then reported them to government agents. United States v. Scafe, supra at 935-36 ["notion that (statements contained in letters) must have been made to government agent is untenable, in light of the language of the Rule (16)"]; United States v. Villa, 370 F. Supp. 515, 519 (D. Conn. 1974) (" a defendant should receive before trial all of the statements, regardless of to whom they were made - whether a prosecuting attorney, an investigator,

a grand jury . . . or anyone else.") quoting <u>United States v. Crisona</u>, 416 F.2d 107,115 (2d Cir. 1969), <u>cert</u>. <u>denied</u>, 397 U.S. 961 (1970).  Tape recordings of a defendant's statements must be disclosed whether offered during the government's case-in-chief, or during cross-examination of the defendant.    <u>United States v. Bailleaux</u>, <u>supra</u> at 1114-15.

In <u>United States v. Thevis</u>, 84 F.R.D. 47, 55 (N.D. Ga. 1979) <u>aff'd</u>, 665 F.2d 616 (5th Cir. 1982), the court held that the disclosure of the "statements made by the defendant" referred to in Rule 16(a)(1)(A) "is not limited to statements made firsthand by the defendant to the government...[but includes] statements made by a defendant to a third party . . . ".  The court directed the disclosure of the defendant's statements to third parties who, in turn, reported those statements to government agents, because the statement remains his statement, regardless of who reports, witnesses or memorializes it." <u>Id</u>.  The holding was based on the plain language of Rule 16 and on the policy underlying the discovery rule which favors broad discovery of a defendant's statements. <u>Id</u>.; <u>see</u> <u>also United States v. Scafe</u>, <u>supra</u> at 936 (noting that the 1975 amendment to the Rule was made "in order to promote greater pretrial discovery and the view that 'broader discovery will contribute to the fair and efficient administration of criminal justice...by minimizing the undesirable effect at trial . . . '" quoting the notes on the judiciary).

Whether a defendant's statement is made before or after arrest or before the alleged commission of the crime has no bearing on its required production.  <u>United States v. Layton</u>, 564 F. Supp. 1391 (D. Ore. 1983); <u>United States v. Thevis</u>, 84 F.R.D. 47 (N.D. Ga. 1979), <u>aff'd</u>, 665 F.2d 616 (5th Cir. 1982).  A defendant's statement must be produced regardless of whether the government intends to use it in its case-in-chief.  <u>United States v. Scafe</u>, <u>supra</u>; <u>United States</u>

v.Bailleaux, supra; United States v. Mitchell, 613 F.2d 779 (10th Cir. 1980); United States v. Louis, 511 F.2d 798 (D.C. Cir. 1975).

**b)       Documents and tangible objects**

Upon request of the defendant, Rule 16(a)(1)(C) requires production of all books, papers, documents, tangible objects, buildings or places on three separate bases:

1. disclosure is material to the preparation of the defense;

2. the government intends to use the document or object as evidence in its case-in-chief at trial, or

3. the document or object was obtained from or belongs to the defendant.

Disclosure of said materials is essential to the defendant's effectively reviewing available grounds for a motion to suppress tangible or testimonial evidence, to evaluate appropriate challenges to the government's proffer of evidence, as well as, to impeach and cross-examine witnesses who will present evidence against the defendant.

The required showing of materiality to the preparation of the defense to justify disclosure under Rule 16(a)(1)(C) is only prima facie. United States v. Buckley, 586 F.2d 498 (5th Cir. 1979), cert. denied, 440 U.S. 982 (1979); United States v. Thevis, supra. See generally, C. Wright, Federal Practice and Procedure, Crim. 254 (2d Ed. 1982).

**c)       Reports of examinations and tests.**

Discovery of the examination, tests and expert opinions is required if they are material to the preparation of the defense, or if the government intends to use them as evidence at trial. The showing of materiality required is only prima facie. United States v. Buckley, 586 F.2d 498 (5th Cir. 1979), cert. denied, 440 U.S. 982 (1979); United States v. Thevis, supra. Further, the government

has an affirmative obligation to provide timely disclosure of such examinations, tests and reports, when so ordered.  United States v. Wicker, 848 F.2d 1059, 1061 (10th Cir. 1988).

**d)       List of witnesses, disclosure of the identity of the informant, and disclosure of criminal records.**

Ordinarily, the government is not required to provide a list of witnesses.  See, e.g., United States v. Reis, 788 F.2d 54 (1st Cir. 1986).  On the other hand, it is within the discretion of the federal district court to order the disclosure of the government's witness list.  United States v. Sims, 808 F. Supp. 607 (N.D. I11. 1992); United States v. Eisenberg, 773 F. Supp. 662 (D.N.J. 1991).  The authority to order disclosure is derived from the inherent authority of the court to conduct criminal proceedings in a fair and just manner.  United States v. Williams, 792 F. Supp. 1120 (S.D. Ind. 1992).

The criminal records of witnesses the government intends to call at trial are discoverable under the principles of Brady v. Maryland, 373 U.S. 83 (1963).  See United States v. Quinn, 364 F. Supp. 432 (D.C. Ga. 1973); United States v. Houston, 339 F. Supp. 762 (D.C. Ga. 1972).

**e)       Rough interview notes**

If a government agent offers testimony at a hearing or trial, any rough notes that incorporate the subject matter of the agent's testimony must be produced.  Mims v. United States, 332 F.2d 944, 948 (10th Cir.), cert. denied 379 U.S. 888 (1964).  Notes that incorporate the statements of a witness which are memorialized during an interview must be disclosed for use during cross-examination. F. R. Crim. P. Rule 26.2; Goldberg v. United States, 425 U.S. 94 (1976); United States v. Harris, 543 F.2d 1247 (9th Cir. 1976).

**f)       Brady information**

The defendant has requested the government to produce all evidence that may be favorable to him or in mitigation of punishment.  "[S]uppression by the prosecution of evidence favorable to an accused, upon request, violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Brady, supra at 87. Accord, United States v. Buchanan, 891 F.2d 1436, 1440 (10th Cir. 1989), cert. denied, 494 U.S. 1088 (1990).

Offers or promises, awards, favorable consideration, or any other kinds of inducements for a person to provide information or to cooperate in an investigation leading to the filing of charges must be disclosed pretrial.  Brady v. Maryland, supra; Giglio v. Unites States, 405 U.S. 150 (1972); United States v. Bagley, 473 U.S. 667 (1985); United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987).

Disclosure principles of Brady are not rooted in the discovery rules of the Federal Rules of Criminal Procedure.  See United States v. Agurs, 427 U.S. 97, 107 (1976); United States v. Bonnett, 877 F.2d 1450, 1459 (10th Cir. 1989)(Brady is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation").  These requirements are grounded in the constitutional guarantee of due process of law contained in the Fifth Amendment of the United States Constitution. See Agurs, 426 U.S. at 107; Brady, 373 U.S. at 86.  The essence of the Brady rule is the proposition that non-disclosure of material exculpatory evidence violates a defendant's due process right to a fair trial.  See, e.g. United States v. Bagley, supra at 675; United States v. Robinson, 39 F.3d 1115, 1118 (10th Cir. 1994); United States v. Fleming, 19 F.3d 1325, 1330 (10th Cir.) cert. denied 115 S. Ct. 93 (1994).

Prosecutors must disclose, not only exculpatory information of which they are aware, but also that information of which they have no knowledge, but which is in the government's possession.  United States v. Brooks, 966 F.2d 1600 (D.C. Cir. 1992).

**FOR THE FOREGOING REASONS**, Defendant requests that the above-described discovery be ordered disclosed.

**DATED THIS 17th DAY OF JULY, 2006**.

> Respectfully submitted,
> s/Harvey A. Steinberg
> Attorney for Michael Romero
> Springer & Steinberg, P.C.
> 1600 Broadway, Suite 1200
> Denver, CO 80202
> (303)861-2800 Telephone
> (303)832-7116 Telecopier
> law@springer-and-steinberg.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2006, I electronically filed the foregoing **DISCOVERY MOTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jim Boma**
Email: jim.boma@usdoj.gov


      s/Brenda Cruz
      For Harvey A. Steinberg
      Attorney for Michael Romero
      Springer & Steinberg, P.C.
      1600 Broadway, Suite 1200
      Denver, CO 80202
      (303)861-2800 Telephone
      (303)832-7116 Telecopier
      law@springer-and-steinberg.com