UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 06-cr-00217-PSF

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**MICHAEL ROMERO,**

Defendant.

## MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH OF 1603 OGDEN AVENUE PROPERTY

The Defendant, Michael Romero, by and through his attorney, Harvey A. Steinberg, of the law firm of Springer and Steinberg, P.C., respectfully moves this Court for an Order suppressing from introduction into evidence at trial all evidence obtained as a result of the search of the residence located at 103 Ogden Avenue in Pueblo, Colorado.

As grounds in support of this Motion Defendant states as follows:

1. On January 8, 2003 law enforcement officers associated with a drug task force executed a search warrant at the Defendant's residence located at 1603 Ogden Avenue in Pueblo, Colorado. The officers allegedly discovered incriminating evidence including, *inter alia*, a quantity of narcotics as a result of the search.

2. The Affidavit for Search Warrant (hereinafter "Affidavit" attached as Exhibit A) relied solely on allegations from a confidential source that had not provided law enforcement with information leading to an arrest since 1995. The confidential source alleged that he/she observed a quantity of cocaine in the above-described residence. (Exhibit A).

3. The Fourth Amendment of the United States Constitution grants the citizens of the United States of America the right to be protected against unreasonable searches and seizures.  In the instant case, the Defendant has been subjected to a search predicated on an allegedly valid search warrant. This Court must find probable cause in order to find the search warrant valid.  *Illinois v. Gates*, 462 U.S. 213 (1983). The Fourth Amendment affords the highest expectation of privacy to people's homes. The Supreme Court has stated, "...the sanctity of private dwellings (is) ordinarily afforded the most stringent Fourth Amendment protection." *United States v. Martinez-Fuerte,* 428 U.S. 543, 562 (1976).

5.  In this case, Defendant's Fourth Amendment rights were violated.  The information contained within the four corners of the affidavit in support of the search warrant did not amount to probable cause to support the issuance of the warrant. Upon review of a magistrate's decision to issue a search warrant, the Court must determine whether there was a "substantial basis" upon which the magistrate could make a  determination of  probable cause. *United States  v. Brown*, 984 F.2d 1074, 1076 (10th Cir. 1993) (citing *Gates*, 462 U.S. at 238-39).  The magistrate judge must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis for knowledge' of persons supplying hearsay information, there is a fair probability contraband...will be found in a particular place." *Gates*, 452 U.S. at 238.

6. Here, the uncorroborated information from the confidential informant should not be deemed to support of finding of probable cause for the issuance of the warrant. An informant's "veracity, reliability, and basis of knowledge are all highly relevant in determining the value of his report." *Gates*, 462 U.S. at 230.  Here, there is no corroboration of the informant's

observations contained within the affidavit.  The informant had not provided reliable information since 1995.  Based on these facts, insufficient information is contained on the face of the affidavit to satisfy traditional probable cause requirements. Therefore, any evidence obtained as a result of the search must be suppressed.

     7. Furthermore, the warrant was overbroad allowing a general search of the residence. Officers exceeded the scope of the search authorized by the affidavit. Therefore, any fruits of the search must be suppressed.

     **WHEREFORE**, the Defendant requests this Motion be granted.

     **DATED THIS 17TH DAY OF JULY, 2006.**

Respectfully submitted,

s/Harvey A. Steinberg
Harvey A. Steinberg
Attorneys for Michael Romero
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springer-and-steinberg.com

**CERTIFICATE OF SERVICE**

- 3 -

I hereby certify that on July 17, 2006, I electronically filed the foregoing **MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH OF 1603 OGDEN AVENUE PROPERTY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jim Boma**
Email: jim.boma@usdoj.gov

    s/Brenda Cruz
For Harvey A. Steinberg
Harvey A. Steinberg
Attorneys for Michael Romero
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springer-and-steinberg.com