IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00217-PSF-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL ANTHONY ROMERO,

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## FOR PRESERVATION OF RECORDINGS AND NOTES (Docket Entry #21)

    The United States of America, by and through the undersigned Assistant United States Attorney, responds as follows to the defendant's motion for preservation of recordings and notes:

    1.    Defendant has requested the court to order that the Government preserve for trial the originals of any and all handwritten notes or recordings of any interviews with persons who will or may be witnesses at trial taken by any law enforcement officers involved in the investigation of this case, regardless of whether or not those notes or recordings form the basis of subsequent typewritten reports; the originals of any and all handwritten or typed notes or recordings made in connection with the investigation resulting in the charges in this case by any law enforcement officers involved in the investigation of this case regardless of whether or not those notes or recordings form the basis of subsequent typed reports; and the originals of any and all handwritten or typed notes or recordings made in connection with the investigation resulting in the

charges in this case by any person who will or may be a witness at trial, regardless of whether or not those notes or recordings form the basis for subsequent typed reports.

    2.    The *Jencks* Act permits the Government to withhold the pre-trial disclosure of statements made by prospective government witnesses. *United States v. Smaldone*, 544 F.2d 456, 461 (10th Cir. 1976), *cert. denied*, 430 U.S. 967 (1977). Under the *Jencks* Act, the government cannot be compelled to produce statements or reports of a government witness until that witness has testified on direct examination at trial. *United States v. George*, 778 F.2d 556, 562 (10th Cir. 1985).

    3.    The *Jencks* Act does not compel the undiscriminating production of agents' summaries of interviews regardless of their character or completeness. *Hanks v. United States*, 388 F.2d 171, 173 (10th Cir.), *cert. denied*, 393 U.S. 863 (1968). It is well accepted that an agent's interview notes are not "statements" of the witness under *Jencks* unless the witness has signed or otherwise adopted or approved the notes, *United States v. Pierce*, 893 F.2d 669, 675 (5th Cir. 1990), and such notes are not subject to the *Jencks* Act discovery rules. *United States v. O'Malley,* 796 F.2d 891, 900 (7th Cir. 1986), *aff'd*, 993 F.2d 1550 (7th Cir. 1993).

    4.    All rough notes made in the course of an investigation are not required to be retained. *United States v. Spencer*, 618 F.2d 605, 606 (9th Cir. 1980). Such a requirement would be staggering and not advance the cause of justice. *Id*. at 607. Notes of undercover agents' activities which "may well contain impressionary matter involving diverse persons" are not required to be preserved. *United States v. Lane*, 574 F.2d 1019, 1022 (10th Cir.), *cert. denied*, 439 U.S. 867 (1978). Such a requirement would be a judicial invasion into proper law enforcement. *Id*.

Additionally, "[a] government agent's rough notes will not be *Jencks* Act statements when they are not complete, truncated in nature or have become an intertwined mix of witness testimony, investigator's selections, interpretations, and interpolations."  *United States v. Simtob*, 901 F.2d 799, 809 (9th Cir. 1990).

5. The Tenth Circuit has not required the government to produce routine "rough notes."  *Hanks v. United States*, 388 F.2d 171 (10th Cir.), *cert. denied*, 393 U.S. 863 (1968).  In the ordinary course of business, rough notes are destroyed routinely after formal reports have been prepared, and this administrative procedure is proper.  *United States v. Shovea*, 580 F.2d 1382, 1390 (10th Cir.), *cert. denied*, 439 U.S. 986 (1978);  *United States v. Hinton*, 719 F.2d 711, 717 (4th Cir. 1983) *cert. denied*, 465 U.S. 1032 (1984).

6. The government is fully cognizant of its responsibilities and obligations under the *Jencks* Act and *Brady*.  Any notes or tapes of witness interviews which exist and are exculpatory or qualify by statutory definition as *Jencks* statements will be retained and produced for the defendant.

Respectfully submitted this 25th day of July, 2006,

                                        WILLIAM J. LEONE
                                      United States Attorney

                          By: *s/ James R. Boma*
                               JAMES R. BOMA
                               Assistant United States Attorney
                               U.S. Attorney's Office
                               1225 17th Street, Suite 700
                               Denver, CO 80202
                               Telephone: (303) 454-0100
                               FAX: (303) 454-0401
                               E-mail: james.boma@usdoj.gov
                               Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2006, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRESERVATION OF RECORDINGS AND NOTES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Harvey Abe Steinberg**
law@springer-and-steinberg.com
bcruz@springer-and-steinberg.com

*s/ Diana L. Brown*
DIANA L. BROWN
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0401
E-mail: diana.brown@usdoj.gov

4