IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00217-PSF-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL ANTHONY ROMERO,

    Defendant.

---

**GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO:**

**(1)   DEFENDANT'S MOTION TO DISCLOSE IDENTITY OF INFORMANTS (Docket Entry #22); and**

**(2)   DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT (Docket Entry #26)**

---

The United States of America, by and through its undersigned Assistant United States Attorney for the District of Colorado, hereby responds as follows in opposition to the defendant's above-captioned motions, showing unto the Court as follows:

    1.   The defendant has requested information concerning agreements with the informants in this case and information relating to the identity of informants. The Government states that several confidential informants were used during this investigation. However, none of these informants are anticipated to testify at trial of this matter as the information provided related to alleged historical in nature drug distribution activities by this defendant that have not been charged by the Government

in this case.  The Government's evidence and the counts in the indictment relate only to possession with intent to distribute cocaine charges on two discrete dates, that is, on January 8, 2003, and May 31, 2006, respectively.  Also, this defendant is charged alone and not with other defendants under an aiding and abetting or conspiracy theory of legal liability.  There are no agreements with cooperating defendants in this case as there are none, nor with persons uncharged with respect to conduct alleged in this simple, straightforward indictment.

2. The information possessed by the informants in this case would not be relevant during the Government's presentation of it's case-in-chief.  The Government reserves the right to call any of the informants as rebuttal or impeachment witnesses if necessary following the presentation of this defendant's case, if any, at trial in this matter.  At that point, the Government would be obligated to, and would, serve any impeachment materials, including, but not limited to, felony convictions, payments, and other information relating to the informant called by the Government as a witness during that phase of the trial.

3. *Brady v. Maryland*, 373 U.S. 83 (1963), requires the disclosure of exculpatory evidence; *Giglio v. United States*, 405 U.S. 150 (1972), requires disclosure of information which might be used to impeach **government witnesses**; and the *Jencks* Act, 18 U.S.C. § 3500, requires the disclosure of **witness statements** following a **witness'** direct examination.  *Giglio* and *Jencks* material are not required to be disclosed prior to trial. However, the Government would note that it is unaware of any such evidence at this time.

4.    "Under Rule 16, the defendant cannot rely on conclusory allegations or on a general description of the requested information, but must make a prima facie showing of materiality to obtain the requested information." *United States v. King*, 928 F. Supp. 1059, 1061 (D. Kansas 1996).  To be material for purposes of Rule 16, the evidence must have more than an abstract logical relationship to the issues and there must be some indication that pretrial disclosure would enable the defendant significantly to alter the amount of proof in his favor.  *Id*.  (citations omitted).

5.    For evidence to be material under *Brady*, there must be a reasonable probability that if the evidence were disclosed to the defendant, the result of the proceeding would be different.  *Id*. at 1062.  *Brady* does not grant criminal defendants unfettered access to government files.  *United States v. Phillips*, 854 F.2d 273, 277 (7th Cir. 1988).

6.    During the discovery process, the Government must disclose evidence that might be used to impeach Government witnesses.  *United States v. Beverly*, 913 F.2d 337, 349 (7th Cir. 1990), *cert. denied*, 498 U.S. 1052 (1991).  The Government is fully cognizant of its obligation as delineated in *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972) and will endeavor to comply with its obligation to provide evidence that is exculpatory in nature, in mitigation of sentence, or that would impeach a witness on a material issue.  However, as noted above, the informants in this matter are not anticipated under any conceivable circumstances to be called as Government witnesses during the Government's presentation of its case-in-chief.  When requesting

*Brady* material, the defendant has the burden of proving that the evidence is both favorable and material.  *United States v. Anderson,* 31 F. Supp. 2d 933, 939 (D. Kan. 1998).  When applying the materiality standard before trial, it is appropriate to focus on (1) whether the court's current view of the evidence leads it to believe there is a reasonable probability the information will affect the outcome, and (2) whether the defense request is sufficiently specific.  *Id*. at 940.  The mere possibility that an item of information might help the defense or might affect the outcome of trial does not establish materiality in the Constitutional sense.  *United States v. Kennedy*, 819 F. Supp. 1510, 1519 (D. Colo.), *aff'd*, 994 F.2d 747 (10th Cir. 1993).

7.   In this case, and in light of the information set forth above, the Government is relying upon the Government's privilege with respect to not disclosing the identities of non-testifying confidential informants.   The Government is not generally required to disclose the identity of informants as recognized by the Supreme Court in *Roviaro v. United States,* 353 U.S. 53, 60 (1957).   Under the balancing test set forth in that decision, the defendant here has offered only bald conclusory assertions and not a scintilla of facts in support of this motion for disclosure of identities of the confidential informants in this case.  *Id.* at 62.  This represents a fishing expedition by this defendant designed, if permitted, to subvert an important Governmental interest in the non-disclosure of the identities of informants employed by its law enforcement authorities.

THEREFORE, these motions for the disclosure of the identities of the confidential informants and of any agreements with those informants or with any other witness should be denied as a matter of law.

Respectfully submitted this 25th day of July, 2006,

        WILLIAM J. LEONE
        United States Attorney

By:  *s/ James R. Boma*
     JAMES R. BOMA
     Assistant United States Attorney
     U.S. Attorney's Office
     1225 17th Street, Suite 700
     Denver, CO 80202
     Telephone: (303) 454-0100
     FAX: (303) 454-0401
     E-mail: james.boma@usdoj.gov
     Attorney for Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of July, 2006, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS (Docket Entries 22 and 26)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Harvey Abe Steinberg**
law@springer-and-steinberg.com
bcruz@springer-and-steinberg.com

    *s/Diana L. Brown*
    DIANA L. BROWN
    Legal Assistant
    U.S. Attorney's Office
    1225 17th Street, Suite 700
    Denver, CO 80202
    Telephone: (303) 454-0100
    FAX: (303) 454-0401
    E-mail: diana.brown@usdoj.gov