UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 06-cr-00217-PSF

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**MICHAEL ROMERO,**

Defendant.

---

**MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH OF 1200 20th LANE PROPERTY**

---

The Defendant, Michael Romero, by and through his attorney, Harvey A. Steinberg, of the law firm of Springer and Steinberg, P.C., respectfully moves this Court for an Order suppressing from introduction into evidence at trial all evidence obtained as a result of the search of the residence located at 1200 20th Lane in Pueblo, Colorado.

As grounds in support of this Motion Defendant states as follows:

**BACKGROUND:**

1. On May 31, 2006 law enforcement officers executed a search warrant at a residence located at 1200 20th Lane in Pueblo, Colorado. The officers allegedly discovered incriminating evidence including, *inter alia*, a quantity of narcotics as a result of the search.

2. Defendant, as a resident of the above-indicated property, has a reasonable expectation of privacy in said residence and therefore, has standing to challenge the search of the residence under the Fourth Amendment of the United States Constitution.

3. The Affidavit for Search Warrant (hereinafter "Affidavit" attached as Exhibit A) relies

significantly on information derived from a confidential informant. The Affidavit alleges that two controlled purchases were made from an individual allegedly identified as Cynthia Jean Aguilar. (See Attached Exhibit A).  The only facts alleged in the warrant suggesting a nexus between the residence to be searched and Ms. Aguilar's alleged narcotics activities were observations of Ms. Aguilar coming and going form the house and observations of her sitting in the yard of the residence during the evenings. *Id.* Officers conducted surveillance of the residence for a month- long period of time, but fail to allege that any narcotics activity was observed at the residence. (See Exhibit A).

**ARGUMENT:**

4. The Fourth Amendment of the United States Constitution grants the citizens of the United States of America the right to be protected against unreasonable searches and seizures.  In the instant case, the Defendant has been subjected to a search predicated on an allegedly valid search warrant. This Court must find probable cause in order to find the search warrant valid.  *Illinois v. Gates*, 462 U.S. 213 (1983). The Fourth Amendment affords the highest expectation of privacy to people's homes. The Supreme Court has stated, "...the sanctity of private dwellings (is) ordinarily afforded the most stringent Fourth Amendment protection." *United States v. Martinez-Fuerte,* 428 U.S. 543, 562 (1976).

5.  In this case, Defendant's Fourth Amendment rights were violated.  The information contained within the four corners of the affidavit in support of the search warrant did not amount to probable cause to support the issuance of the warrant. Upon review of a magistrate's decision to issue a search warrant, the Court must determine whether there was a "substantial basis" upon which the magistrate could make a  determination of  probable cause. *United States  v. Brown*,

984 F.2d 1074, 1076 (10th Cir. 1993) (citing *Gates*, 462 U.S. at 238-39).  The magistrate judge must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis for knowledge' of persons supplying hearsay information, there is a fair probability contraband...will be found in a particular place." *Gates*, 452 U.S. at 238.

6. In this case the Affidavit fails to demonstrate a sufficient nexus between the alleged narcotics activity and the residence that was the subject of search warrant. "Where an affidavit describes circumstances which would warrant a person of reasonable caution to believe that the articles sought would be at [the suspect's] residence, then a sufficient nexus has been established." *United States v. Rahn*, 511 F.2d 290, 293 (10th Cir. 1975). However, "probable cause to search a person's residence does not arise solely upon probable cause to believe that the person is guilty of a crime." *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998). "Instead, there must be additional linking the person's home to the suspected criminal activity." *Id.*  In *United States v. Nolan*, 199 F.3d 1180, 1183 (10th Cir. 1999), the court noted that "...unlike our sister circuits, we have never held that the mere observation of repetitive illegal drug activity outside a suspect's residence by itself is sufficient to establish probable cause for a search of the suspect's residence."

7.  In this case the Affidavit fails to describe any facts linking the residence to the alleged illegal narcotics activity.  The surveillance of the residence at most establishes that Cynthia Aguilar resided at the house. (See attached Exhibit A).  The Affidavit only states that Ms. Aguilar repeatedly came to and from the residence throughout the day and that she was observed sitting in the yard of the residence during the evening hours. *Id.*  These facts fail to establish

probable cause to believe that any narcotics activity was taking place at the residence.   The alleged controlled purchases of narcotics did not take place at the residence. *See id.* Although Ms. Aguilar was allegedly observed coming from the residence to an alleged controlled purchase that took place at another location, that Affidavit fails to describe where the "pre-determined location" was or what was located there. *See id.*  Without knowing where the controlled purchase was alleged to take place, it is impossible to determine if any nexus existed between the residence and the narcotics activity or if that was more properly attributable to the location of the alleged purchase.  In essence, no evidence establishes that narcotics were in Ms. Aguilar's possession before they arrived at the pre-determined location based on the Affidavit.  Therefore, this court should find that probable cause does not exist based on the Affidavit to support the issuance of the search warrant.  Accordingly, all evidence obtained as a result of the residence should be suppressed.

8. Furthermore, the warrant was overbroad allowing a general search of the residence. Officers exceeded the scope of the search authorized by the affidavit. Therefore, any fruits of the search must be suppressed.

**WHEREFORE**, the Defendant requests this Motion be granted.

**DATED THIS 10TH DAY OF AUGUST, 2006.**

  Respectfully submitted,

    s/Harvey A. Steinberg
    Harvey A. Steinberg
    Attorneys for Michael Romero
    Springer & Steinberg, P.C.
    1600 Broadway, Suite 1200
    Denver, CO 80202
    (303)861-2800 Telephone
    (303)832-7116 Telecopier
    law@springer-and-steinberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2006, I electronically filed the foregoing **MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH OF 1200 20th LANE PROPERTY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jim Boma**
Email: jim.boma@usdoj.gov

    s/Brenda Cruz
For Harvey A. Steinberg
Harvey A. Steinberg
Attorneys for Michael Romero
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springer-and-steinberg.com