IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00217-PSF-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL ANTHONY ROMERO,

    Defendant.

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH OF A RESIDENCE AT 1200 20TH LANE, PUEBLO, COLORADO (Docket Entry #43)

    The United States of America, hereinafter referred to as the "Government," by and through its undersigned Assistant United States Attorney for the District of Colorado, responds as follows in opposition to the defendant's above-referenced motion:

    1.    Defendant requests that the Court suppress evidence seized from the search of a residence at 1200 20th Lane, Pueblo, Colorado. He argues that there was no probable cause to support the warrant. Beyond conclusory allegations, the defendant makes no factual, let alone a *prima facie*, showing that the affidavit in support of the search warrant for the above-referenced residence is not supported by probable cause. The affidavit and subsequent search warrant issued pursuant thereto are in no manner deficient.

    2.    The exclusionary rule excludes from a criminal trial any evidence seized from a defendant in violation of his Fourth Amendment rights. *Alderman v. United*

*States*, 394 U.S. 165, 171 (1969).  Fruits of such evidence are excluded as well.  *Id*.  In order to challenge a search on Fourth Amendment grounds, a defendant must demonstrate that he personally had an expectation of privacy in the place searched and that his expectation is reasonable.  *Minnesota v. Carter*, 525 U.S. 83, 88 (1998).  An expectation of privacy is reasonable if it arises from a source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.  *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978).  Given that the defendant resided at the residence located at 1200 20th Lane, Pueblo, Colorado, the Government agrees that the defendant had a reasonable expectation of privacy at that residence and, therefore, possesses standing to contest the search.

      3.      However, the factual showing presented to the Court by this defendant falls far short and the defendant conveniently and disingenuously fails to set forth other critical facts set forth in the affidavit in support of the application for the search warrant here.  One example of this is the omitted fact that Cynthia Aguilar, a resident at that address, was followed from that residence to a meeting with a Pueblo Police Department (PPD) confidential informant (CI), where the CI made a controlled purchase of cocaine.  The search warrant was sought on May 26, 2006, and this controlled purchase occurred on or after May 23, 2006 according to the affidavit.  Also, the CI had made an earlier controlled purchase of cocaine from Cynthia Aguilar within one month of the date of the application for the search warrant.  The affidavit is replete with steps that the PPD took, both to confirm Ms. Aguilar's identity and to confirm that she was residing at the referenced address, 1200 20th Lane, Pueblo, Colorado.  The affidavit amply

provides probable cause to search that residence for evidence relating to drug trafficking.

    4.    The law recognizes a strong preference for warrants, and a search conducted pursuant to a warrant is presumptively valid.  *United States v. Ventresca*, 380 U.S. 102 (1965); *see United States v. Leon*, 468 U.S. 897 (1984).  The search of the residence at 1200 20th Lane, Pueblo, Colorado, was conducted pursuant to a search warrant issued by a Pueblo County District Court judge.  A judge's determination of probable cause should be given "great deference."  *United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir. 1988).  The burden of overcoming the presumption of regularity associated with a search pursuant to a warrant rests with the party seeking relief.  *United States v. Peveto*, 881 F.2d 844, 850-51 (10th Cir.), *cert. denied*, 493 U.S. 943 (1989).

    5.    Defendant has not met his burden of overcoming the presumption of regularity.  The defendant claims that probable cause was lacking to support a search warrant.  A review of the affidavit in support of the search warrant shows that there was sufficient information to support a finding of probable cause for the search warrant issued here.  *Illinois v. Gates*, 462 U.S. 213 (1983).  A "fair probability" that evidence of a crime will be found at a particular place is all that is required in an affidavit for a search warrant.  *Id.* at 238; *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986).  The affidavit contained sufficient information to establish probable cause.

    6.    Defendant further implies that the warrant was based on stale information.

> [P]robable cause to search cannot be based on stale information that no longer suggests that the item sought will be found in the place to be searched.  While it is true that the timeliness of the information contained in the affidavit is an important variable, probable cause is not determined

> simply by counting the number of days between the facts relied on and the issuance of the warrant. Rather, whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized. Thus, where the property sought is likely to remain in one place for a long time, probable cause may be found even though there was a substantial delay between the occurrence of the event relied upon and the issuance of the warrant. By the same token, where the affidavit recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical.

*Id.* at 983-84. Here, an occupant of the residence, Cynthia Aguilar, was suspected of continuous and ongoing drug activity. Ongoing and continuous activity makes the passage of time less critical when judging staleness of information upon which a search warrant is based. *United States v. Mathis*, 357 F.3d 1200, 1207 (10th Cir. 2004). The affidavit referred to drug distribution events occurring within one month of the application for the search warrant on May 26, 2006, with a second controlled purchase of cocaine from Ms. Aguilar occurring on or after May 23, 2006. The Government respectfully submits that the information in the affidavit is accurate, compelling and, further, that the information was not stale. **See** the Application and Affidavit for Search Warrant and the Search Warrant for the residence, both attached hereto and specifically incorporated herein by reference as **Government's Exhibit 1. See also** the inventory and return dealing with the execution of the search warrant and a summary of the items of drug and non-drug evidence seized, also attached hereto and specifically incorporated herein by reference as **Government's Exhibit 2.**

      7.      In the event that the Court finds that there was insufficient information in the warrant to establish probable cause, the officers and agents who executed the search warrant had a good faith belief that the warrant was valid and acted within the

scope of the warrant during its execution.  Therefore, if the court finds there is not probable cause to support the warrant, the "good faith exception" to the exclusionary rule would be applicable.  *United States v. Leon*, 468 U.S. 897 (1984).  Where officers act with "objectively reasonable reliance" on a facially valid search warrant, evidence should not be suppressed.  *United States v. Moland*, 996 F.2d 259 (10th Cir. 1993), *cert. denied*, 510 U.S. 1057 (1994).

8. As shown above, the warrant and affidavit sufficiently established probable cause.  Further, the officers correctly relied on the validity of this warrant.  Finally, and in the alternative, the officers relied in good faith and objectively in reasonably relying upon a facially valid search warrant

WHEREFORE, the motion to suppress should be denied.

Respectfully submitted this 16th day of August, 2006,

TROY A. EID
United States Attorney


By: s/ James R. Boma
JAMES R. BOMA
Assistant United States Attorney
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone:  (303) 454-0100
FAX:  (303) 454-0401
E-mail:  james.boma@usdoj.gov
Attorney for Government

5

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of August, 2006, I electronically filed the foregoing  **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED IN SEARCH OF A RESIDENCE AT 1200 20TH LANE, PUEBLO, COLORADO (Docket Entry #43)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**Harvey Abe Steinberg**
law@springer-and-steinberg.com bcruz@springer-and-steinberg.com

                s/ James R. Boma
                JAMES R. BOMA
                Assistant United States Attorney
                U.S. Attorney's Office
                1225 17th Street, Suite 700
                Denver, CO 80202
                Telephone:  (303) 454-0100
                FAX:  (303) 454-0401
                E-mail:  james.boma@usdoj.gov
                Attorney for Government